# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Cicchiello,                :
                                       :
             Petitioner     :
                                         :
          v.                  :     No. 83 C.D. 2015
                                         :
Department of Corrections,    :     Submitted: June 19, 2015
                                         :
             Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                         **FILED: August 5, 2015**

Joan Cicchiello petitions for review from the December 29, 2014 Order of the Board of Claims (Board) sustaining the preliminary objections (POs) filed by the Department of Corrections (Department) on the ground that the Board lacked jurisdiction over Cicchiello's Complaint. On appeal, Claimant argues that the Board erred in: (1) concluding that it lacked jurisdiction over Cicchiello's Complaint; (2) concluding that Cicchiello failed to file her Complaint within the applicable statute of limitations period; and (3) revisiting the results of a negotiated Settlement Agreement between Cicchiello and the Department, given that the Department waited more than 30 days to challenge the Settlement Agreement.

Because we conclude that the Board lacked jurisdiction over Cicchiello's Complaint, we affirm.

Cicchiello was previously employed by the Department as a nurse at both the State Correctional Institution at Muncy and the State Correctional Institution at Frackville (SCI-Frackville). (Board Findings of Fact (FOF) ¶ 1.) In November 2006, Cicchiello was terminated from her position at SCI-Frackville. (FOF ¶ 2.) Cicchiello was a member of the Service Employees International Union District 1199P (Union). (FOF ¶ 3.) After Cicchiello was terminated the Union filed a grievance against the Department on behalf of Cicchiello pursuant to the applicable Collective Bargaining Agreement (CBA). (FOF ¶ 4.) The CBA provided for a three-step grievance process culminating in arbitration. (FOF ¶ 7.) The grievance proceeded through the three-step grievance process and was scheduled to proceed to arbitration. (FOF ¶ 8.) However, in December 2012, before arbitration occurred, the Department's assistant counsel (Assistant Counsel), Cicchiello's Union representative (Union Representative), and Cicchiello signed a Settlement Agreement resolving all of the issues involved in Cicchiello's grievance. (FOF ¶¶ 10-11.) "The Settlement Agreement included, *inter alia*, a provision that the Department would re-hire . . . Cicchiello for one day to allow her to retire from the Department." (FOF ¶ 12.) Moreover, the Settlement Agreement "provided that the Department [would] award Ms. Cicchiello whatever time was necessary for her to attain twenty-five years of service with the Commonwealth." (FOF ¶ 12 (quotation omitted).)

After the Settlement Agreement was signed, the Assistant Counsel forwarded the Settlement Agreement to the Department's Human Resources (HR) office. (FOF ¶ 13.) Thereafter, the HR office notified the Assistant Counsel that both the Department and the State Employees Retirement System were prohibited by law from crediting "Cicchiello with service for which she did not contribute that time or money." (FOF ¶ 14 (quotation omitted).) The Assistant Counsel then sent the Union Representative an email on February 4, 2013, explaining that the Department would be unable to comply with the provision in the Settlement Agreement crediting Cicchiello with 25 years of service since "to do so would be contrary" to law. (FOF ¶ 15.) In the same email, however, the Assistant Counsel proposed that the Department could, instead, provide Cicchiello with one year's worth of salary, which would give her 15 years of service and make her eligible for health insurance coverage during retirement. (FOF ¶ 16.) Attached to the email was a new proposed Settlement Agreement, which included the new provision proposed by the Assistant Counsel. (FOF ¶ 16.) Although the Assistant Counsel claimed that the new proposed Settlement Agreement providing Cicchiello with credit for 15 years of service would provide her with the exact same benefits as the signed Settlement Agreement crediting her for 25 years of service, Cicchiello took issue with the Department's refusal to credit her for 25 years of service as agreed to in the signed Settlement Agreement. (FOF ¶¶ 17, 22-23.)

Because "Cicchiello refused to accept the Department's denial of credit for 25 years of service" she filed her Complaint with the Board on October 15, 2013. (FOF ¶ 27.) The Complaint alleged breach of contract based on the Department's breach of the Settlement Agreement and quantum meruit. (FOF ¶ 28.) Cicchiello

3

requested that the Board order the Department to perform as promised under the Settlement Agreement and credit her with 25 years of service. (Board Op. at 15.) Thereafter, the Department filed its POs alleging that: (1) "[t]he Complaint was not filed within six months of the date of the claim's accrual" as required by Section 1712.1(b) of the Commonwealth Procurement Code[1] (Procurement Code); (2) the Board lacked subject matter jurisdiction over the Complaint; (3) Cicchiello "failed to attach a copy of the written agreement to the [C]omplaint as required by" Rule 1019(i) of the Pennsylvania Rules of Civil Procedure 1019(i)[2]; and (4) "[t]he Complaint was insufficiently specific as required by" Rule 1019(f) of the Pennsylvania Rules of Civil Procedure.[3] (Board Op. at 15.)

The Board concluded that it lacked subject matter jurisdiction over Cicchiello's Complaint because the December 2012 Settlement Agreement did not fit the definition of a contract under the Procurement Code. Specifically, because the Procurement Code excludes employment contracts and collective bargaining agreements from the Board's purview and the December 2012 Settlement

---

[1] 62 Pa. C.S. § 1712.1(b). Pursuant to Section 1712.1(b)

[a] claim shall be filed with the contracting officer within six months of the date it accrues. If a contractor fails to file a claim or files an untimely claim, the contractor is deemed to have waived its right to assert a claim in any forum. Untimely filed claims shall be disregarded by the contracting officer.

Id.

[2] Pa. R.C.P. No. 1019(i). Rule 1019(i) states, in relevant part, that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof." Id.

[3] Pa. R.C.P. No. 1019(f). Rule 1019(f) states that "[a]verments of time, place and items of special damage shall be specifically stated." Id.

4

Agreement arose from a dispute involving the underlying CBA applicable to Cicchiello, the Board concluded it lacked jurisdiction. (Board Op. at 18-20.) The Board also determined that it lacked jurisdiction because Cicchiello had not filed an administrative claim with the Department's procurement officer within six months of when the claim accrued on February 4, 2013, as required by Section 1712.1(b) of the Procurement Code, which is a prerequisite to filing a Complaint with the Board. (Board Op. at 24-25.) Thus, the Board sustained the Department's POs and dismissed Cicchiello's Complaint.

On appeal,[4] Cicchiello argues that, although the Board concluded it does not have jurisdiction over collective bargaining claims, this is a pure and simple breach of contract claim involving the Department's breach of the Settlement Agreement. Because the Complaint involves the breach of the Settlement Agreement, rather than a collective bargaining agreement, Cicchiello argues that the Board has jurisdiction to hear her Complaint.

Section 1724 of the Procurement Code provides, in relevant part, that "[t]he [B]oard shall have exclusive jurisdiction to arbitrate claims *arising from . . . [a] contract* entered into by a Commonwealth agency in accordance with this part and

---

[4] Our "review of an order of the Board sustaining preliminary objections and dismissing a complaint is limited to determining whether the Board abused its discretion or committed an error of law." Dubaskas v. Department of Corrections, 81 A.3d 167, 170 n.5 (Pa. Cmwlth. 2013). Moreover, "[i]n reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt." Id. Our review of preliminary objections "raises a question of law [for] which our standard of review is de novo and our scope of review is plenary." Id.

5

filed with the board in accordance with section 1712.1[5] (relating to contract controversies)." 62 Pa. C.S. § 1724(a) (emphasis added). Section 103 of the Procurement Code defines the term "contract" as "[a] type of written agreement, regardless of what it may be called, *for the procurement* or disposal *of* supplies, *services* or construction and executed by all parties." 62 Pa. C.S. § 103 (emphasis added). Under Section 103 of the Procurement Code, "services" are defined as:

> The furnishing of labor, time or effort by a contractor not involving the delivery of a specific end product other than drawings, specifications or reports which are merely incidental to the required performance. The term shall include the routine operation or maintenance of existing structures, buildings or real property. *The term does not include employment agreements or collective bargaining agreements.* The term includes utility services and those services formerly provided by public utilities such as electrical, telephone, water and sewage service.

62 Pa. C.S. § 103 (emphasis added).

In Dubaskas v. Department of Corrections, 81 A.3d 167 (Pa. Cmwlth. 2013), we interpreted Section 103 of the Procurement Code to determine whether claims arising out of employment agreements and collective bargaining agreements are excluded from the Board's jurisdiction. Id. at 172. In that case, Dubaskas was employed by the Department as a Correctional Industries Manager. Id. at 167. After a dispute arose under Dubaskas's employment contract, Dubaskas filed a claim against the Department with the Board. Id. at 168. The Department filed POs alleging lack of jurisdiction, and the Board sustained the POs, concluding that

---

[5] Section 1712.1(a) of the Procurement Code states, in part, that "[a] contractor may file a claim with the contracting officer in writing for controversies arising from a contract entered into by the Commonwealth." 62 Pa. C.S. § 1712.1(a).

6

it did not have jurisdiction over claims based on employment and collective bargaining agreements. Id. at 169.

On appeal to this Court we held that, "[i]n light of the statutory language" of the Procurement Code, "the Board does not have jurisdiction over claims *arising from employment contracts* entered into with the Commonwealth." Id. at 176 (emphasis added). Our holding was based on our determination that there are certain "'jurisdictional prerequisites' that must be met in order for the Board to exercise its jurisdiction over a particular claim." Id. Accordingly, "[b]ecause the [Procurement] Code *explicitly and unambiguously excludes* 'employment agreements' from what constitute 'services' under the [Procurement] Code," we determined that "'employment agreements' are not 'services' that can be the subject of a 'contract' that falls within . . . the scope of the Board's jurisdiction as outlined in Section 1724(a)(1)." Id. at 177 (emphasis in original). We held "that with respect to Section 1724(a)(1) of the [Procurement] Code, the Code's definitions of 'contract' and 'services' in Section 103 of the Code function as components of the 'jurisdictional prerequisites' *that bar from the exclusive jurisdiction of the Board claims arising from employment contracts entered into by the Commonwealth*." Id. (emphasis added).

As interpreted by Dubaskas, Section 103 of the Procurement Code excludes from the Board's jurisdiction "claims *arising from* employment contracts entered into with the Commonwealth." Dubaskas, 81 A.3d at 176 (emphasis added). Since Section 103 of the Procurement Code also excludes collective bargaining agreements from what constitute services under the Procurement Code, it follows

7

that collective bargaining agreements are not a service "that can be the subject of a 'contract'" under the Procurement Code, and that the Board also does not have jurisdiction over claims *arising from collective bargaining agreements*. <u>Dubaskas</u>, 81 A.3d at 176-77.

Here, the Settlement Agreement resulted from Cicchiello filing a grievance under the applicable CBA. The grievance proceeded through the grievance process, in accordance with the CBA; however, prior to arbitration the parties resolved the issues by executing the Settlement Agreement. Because the Settlement Agreement *arose from* a dispute involving the CBA, we conclude that under the Procurement Code the Board lacked subject matter jurisdiction over Cicchiello's Complaint.[6] Therefore, the Board did not err in sustaining the Department's POs.

Accordingly, for the foregoing reasons, the Order of the Board is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[6] Because we conclude that the Board lacked subject matter over Cicchiello's Complaint, it is unnecessary to address her other arguments.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joan Cicchiello,               :
                               :
              Petitioner    :
                               :
              v.              :    No. 83 C.D. 2015
                               :
Department of Corrections,   :
                               :
              Respondent  :

## **O R D E R**

**NOW**, August 5, 2015, the Order of the Board of Claims, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

 

_____
**RENÉE COHN JUBELIRER, Judge**